UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER TODD RUSCHHAUPT,<br><br>  Plaintiff,<br><br>  v.<br><br>DONALD J. TRUMP, et al.,<br><br>  Defendants. | No. 2:21–cv–2388–TLN–KJN PS<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS<br><br>(ECF Nos. 6, 14.) |

Plaintiff, a California state prisoner who is proceeding without counsel in this action, requests leave to proceed in forma pauperis ("IFP").[1] (ECF Nos. 6, 14.) See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees). Because the court lacks subject matter jurisdiction over this case, the undersigned recommends that the action be dismissed without prejudice, and that plaintiff's motions to proceed in forma pauperis be denied as moot.

**Procedural History**

Plaintiff originally filed this action in the Northern District of California and sought leave to proceed IFP. (ECF Nos. 1, 6.) With the motion pending, the case was transferred to this district under 28 U.S.C. § 1391(b), based on plaintiff's location within the Eastern District of

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21). See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

California.  (ECF No. 10.)  Plaintiff then filed a First Amended Complaint ("FAC") in this court, along with another motion to proceed IFP.  (ECF Nos. 13, 14.)

Both IFP motions are identical, and the FAC expands upon the same underlying allegations of the original complaint.  The court therefore treats the FAC as the operative complaint for screening purposes.

**Legal Standards**

Under the IFP statute, the court must screen the complaint and dismiss any claims that are "frivolous or malicious," fail to state a claim on which relief may be granted, or seek monetary relief against an immune defendant.  28 U.S.C. § 1915(e)(2).  Further, the federal court has an independent duty to ensure it has subject matter jurisdiction in the case.  See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

The court must dismiss a case if, at any time, it determines that it lacks subject matter jurisdiction.  Rule 12(h)(3).[2]  A federal district court generally has original jurisdiction over a civil action when:  (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332(a).

Federal courts lack subject matter jurisdiction to consider claims that are "so insubstantial, implausible, foreclosed by prior decisions of this court, or otherwise completely devoid of merit as not to involve a federal controversy."  Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998); Hagans v. Lavine, 415 U.S. 528, 537 (1974) (court lacks subject matter jurisdiction over claims that are "essentially fictitious," "obviously frivolous" or "obviously without merit"); see also Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 549-50 (9th Cir. 2018) (noting that the "wholly insubstantial and frivolous" standard for dismissing claims operates under Rule 12(b)(1) for lack of federal question jurisdiction).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  A court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory

---

[2] Citation to the "Rule(s)" are to the Federal Rules of Civil Procedure, unless otherwise noted.

or where the factual contentions are clearly baseless. Id. at 327; Rule 12(h)(3).

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

**Analysis**

The FAC names as defendants former President Donald Trump, current President Joe Biden, current Vice President Kamala Harris, Senator Dianne Feinstein, Microsoft CEO Brad Smith, and Microsoft owners Bill and Melinda Gates.[3] (ECF No. 13 at 1, 2.) Plaintiff alleges that he is "the sole test subject & blind participant" in Microsoft's "bioengineering satellite technology," sanctioned by the U.S. government. (Id. at 2-3.) Plaintiff believes he was promised a pardon and expungement for "23 ½ years en-utero upon having Microsoft's satellite positioned on [his] brain." (Id. at 3.) He claims he is "having [his] rights violated" and requests "immediate dialogue with the Biden Intelligence officials." (Id.)

Plaintiff's claim that the government is contracting with Microsoft to test satellite technology on plaintiff's brain is factually implausible, legally frivolous, and therefore should be dismissed. See Neitzke, 490 U.S. at 327-28 (permitting dismissal of claims based on facts that are clearly baseless, including those "describing fantastic or delusional scenarios"). While the court is sympathetic to whatever plight plaintiff might be experiencing in confinement, the allegations presented simply lack an arguable basis in fact, and there is no indication that they are grounded in reality. See id. at 325.

Ordinarily, the court liberally grants unrepresented plaintiffs leave to amend. However, because the record here shows that plaintiff would be unable to cure this problem through further

---

[3] Plaintiff also filed a document docketed as a "Brief" in which he attempts to explain his reasons for naming each of the defendants. (ECF No. 16.) Even if the court were to accept this document as a supplemental pleading, the information contained therein only reinforces the court's view that this action is frivolous.

amendment of the complaint, the court concludes that granting leave to amend would be futile. Cahill, 80 F.3d at 339.

Instead, the action should be dismissed without prejudice—and without leave to amend—for lack of subject matter jurisdiction based on the utter implausibility of the allegations. See Citizens for a Better Environment, 523 U.S. at 89.

## RECOMMENDATIONS

Accordingly, it is RECOMMENDED that:

1. The action be DISMISSED without prejudice, for lack of subject matter jurisdiction based on the frivolous nature of the claims asserted;
2. Plaintiff's motions to proceed in forma pauperis (ECF Nos. 6, 14) be DENIED as moot; and
3. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  February 2, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

rusc.2388

4